# Hecker Fink LLP

350 FIFTH AVENUE | 63ᴿᴰ FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.HECKERFINK.COM

DIRECT DIAL        929.294.2536
DIRECT EMAIL      gtenzer@heckerfink.com

February 14, 2025

**VIA ECF**

The Honorable Mary Kay Vyskocil
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

Re:    *Jane Doe v. The Trustees of Columbia University in the City of New York, et al.*, No. 25-cv-01108 (MKV) (S.D.N.Y.)

Dear Judge Vyskocil:

We write on behalf of Defendant The Trustees of Columbia University in the City of New York ("Columbia"), to respectfully request that:   (1) Plaintiff's as-filed Complaint remain restricted on the docket; (2) a pseudonymized/redacted version of the Complaint, a proposed version of which is being submitted with this letter, appear on the docket instead; and (3) the same pseudonymization and redactions that are reflected in the submitted version of the Complaint be applied in all filings in this case.

Plaintiff's Complaint contains the name of the former-student defendant—a witness in Plaintiff's underlying proceeding pursuant to Columbia's Gender-Based Misconduct Policies and Procedures for Students ("Title IX proceeding"), as well as the names of several other former-student non-parties. In another recent lawsuit that Plaintiff pursued against Columbia in the Southern District of New York concerning the same underlying Title IX proceeding, Judge Ramos granted Columbia's request to redact the names of former-student non-parties like those named here, including specifically the name of the former-student witness who is now named as a defendant in this action (but who was a non-party in the prior action). *See Doe v. Trs. of Columbia Univ. in the City of N.Y.*, No. 21 Civ. 5839 (S.D.N.Y. Dec. 9, 2024), ECF 91-92.

Here, pseudonymity/redaction is similarly appropriate because the former students, whether the defendant or the non-parties, have not had the opportunity to address the appropriateness of pseudonyms. *See, e.g.*, *Application of Newsday, Inc.*, 895 F.2d 74, 79 (2d Cir. 1990) (recognizing "privacy interests of innocent third parties" as a basis for redactions) (citation omitted); *see also Next Phase Distrib., Inc. v. Does 1-138*, No. 11 Civ. 9706, 2012 WL 691830 at *2 (S.D.N.Y. Mar. 1, 2012) (granting defendant's request to keep his identity anonymous due to the highly sensitive nature of the claims). Indeed, in a separate lawsuit against Columbia, which

Hecker Fink LLP

also named a former student as an individual defendant, Judge Ho granted Columbia's request to protect the identity of the former-student defendant. *See* No. 23 Civ. 10395 (S.D.N.Y. Oct. 15, 2024), ECF 40.

Moreover, Plaintiff herself seeks to proceed pseudonymously. *See* Mot. to Proceed Under a Pseudonym, *Doe v. Trs. of Columbia Univ.*, No. 25-cv-01108 (S.D.N.Y.), ECF 3. And in her Complaint, she has identified the former-student respondent in her underlying Title IX proceeding and another former-student witness by pseudonym and initials, respectively. Compl. ¶¶ 18, 86. Columbia simply asks that the same protections be extended to the other former students named in the Complaint.

Indeed, there is ample legal basis for this Court to maintain the pseudonymity of former students like the individuals at issue here, even in light of the presumption of public access to the federal courts. *See generally Olson v. Major League Baseball*, 29 F.4th 59, 88-90 (2d Cir. 2022). Courts in this Circuit often identify individuals pseudonymously in cases such as this one, involving allegations of gender-based misconduct in a university context. *See, e.g.*, *Doe v. Yeshiva Univ.*, 703 F. Supp. 3d 473, 483-484 (S.D.N.Y. 2023) (referring to plaintiff and non-party students pseudonymously); *Doe v. Columbia Univ.*, 831 F.3d 46, 48-49 (2d Cir. 2016) (same); *Roe v. St. John's Univ.*, 91 F.4th 643, 647 n.1 (2d Cir. 2024) (same). Additionally, the factual allegations against the individual defendant are related to his participation as a witness in Plaintiff's Title IX proceeding. Those proceedings are supposed to be confidential. *See* Off. of Institutional Equity, *Gender-Based Misconduct and Interim Title IX Policies and Procedures for Students*, Columbia Univ., *available at* https://genderbasedmisconduct.columbia.edu/content/privacy. Without the protection of pseudonymity, students like the individual defendant here may be dissuaded from participating in similar disciplinary proceedings going forward for fear of being publicly identified in litigation like this one. And Plaintiff will in no way be prejudiced by the proposed pseudonyms/redactions.

Pursuant to Rule 9.B of Your Honor's Individual Rules of Practice in Civil Cases, Columbia will publicly file a proposed pseudonymized/redacted version of the Complaint on the public docket and file under seal a copy of the document with the proposed pseudonyms/redactions highlighted. Columbia will also email to Chambers one clean, unredacted copy of the document and one copy of the document highlighting the information that has been pseudonymized or redacted in the ECF filing.

Respectfully submitted,

Gabrielle E. Tenzer