**Hecker Fink LLP**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.HECKERFINK.COM

DIRECT DIAL    929.294.2536
DIRECT EMAIL   gtenzer@heckerfink.com

February 14, 2025

**VIA ECF**

| | |
|---|---|
| The Honorable Mary Kay Vyskocil | The Honorable Edgardo Ramos |
| United States District Judge | United States District Judge |
| Southern District of New York | Southern District of New York |
| Daniel Patrick Moynihan U.S. Courthouse | Thurgood Marshall U.S. Courthouse |
| 500 Pearl Street | 40 Foley Square |
| New York, NY 10007 | New York, NY 10007 |

Re: *Doe v. The Trustees of Columbia University in the City of New York*, No. 25-cv-01108 (MKV) (S.D.N.Y.) ("*Doe #2*"), and *Doe v. The Trustees of Columbia University in The City of New York*, No. 21-cv-05839 (ER) (S.D.N.Y.) ("*Doe #1*")

Dear Judges Vyskocil and Ramos:

We write on behalf of The Trustees of Columbia University in the City of New York ("Columbia"), a defendant in the two above-captioned cases, to explain why these cases should be designated as related under the Local Rules of this Court and assigned to the same judge. *See* L.R. 1.6; R. 13(b)(3), Rules for the Division of Business Among District Judges, Southern District of New York ("Rules for the Division of Business"). Because the Rules contemplate that subsequently filed related cases should be transferred to the judge presiding over the first-filed case (here, *Doe #1*), *see* R. 13(b)(2)-(3), Rules for the Division of Business, we respectfully request that *Doe #2*, currently pending before Judge Vyskocil, be marked as related to *Doe #1* and assigned to Judge Ramos as well.

**Relevant procedural history of *Doe #1*.** On June 27, 2023, Judge Ramos granted Columbia's motion to dismiss Plaintiff's Second Amended Complaint and dismissed the case. *See Doe #1*, ECF 85. Plaintiff appealed, ECF 87, and on July 8, 2024, the Second Circuit affirmed the Court's decision and denied Plaintiff's subsequent petition for rehearing or rehearing en banc. *See Doe v. Trs. of Columbia Univ.*, No. 23-960 (2d Cir.), Dkt. 107, 118.[1] On November 25, 2024, Plaintiff filed a letter requesting a pre-motion conference for leave to file a supplemental pleading

---

[1] Plaintiff's petition for writ of certiorari to the Supreme Court was similarly denied, *see* November 12, 2024 Order, No. 23-960, Dkt. 129 (denying petition), as was her subsequent motion to recall the Second Circuit's mandate, *see* November 22, 2024 Order, No. 23-960, Dkt. 128.

**Hecker Fink LLP**

2

adding claims against Columbia and Individual Defendant.[2] *See Doe #1*, ECF 89. On December 9, 2024, Judge Ramos denied Plaintiff's request on res judicata grounds. *See id.*, ECF 92. On December 20, 2024, Plaintiff filed a motion for relief from the Court's judgment under Federal Rule of Civil Procedure 60(b)(6), which Judge Ramos denied. *See id.*, ECF 96-97. On January 17, 2025, Plaintiff appealed Judge Ramos's decision to the Second Circuit, *see id.*, ECF 98, and that appeal remains pending, *see Doe v. Trs. of Columbia Univ.*, No. 25-163 (2d Cir.). Then, last week, on February 5, 2025, Plaintiff filed the Complaint in *Doe #2*, ECF 1, which appears to encompass the claims that she previously attempted to submit in her rejected supplemental pleading in *Doe #1*. *See infra.*

**Doe #1 and Doe #2 should be designated as related.** The applicable standards with respect to related cases are well-established. To determine whether cases are related, a court must consider whether "the actions concern the same or substantially similar parties, property, transactions or events; there is substantial factual overlap; the parties could be subjected to conflicting orders; and whether absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the Court, parties or witnesses." *See* R. 13(a)(1)(A)-(D), Rules for the Division of Business. In addition, the Rules for Division of Business indicate that a civil case may be deemed related where the earlier case is on appeal. *See* R. 13(a)(2)(B).

Here, the two above-referenced cases squarely meet this standard. Specifically, both cases: (1) are brought by the same plaintiff; (2) name Columbia as a defendant; and (3) concern substantially overlapping factual allegations. *Compare Doe #1*, Second Am. Compl., ECF 73, ¶¶ 23-94 (alleging Plaintiff was sexually assaulted by a Columbia student and filed a Title IX complaint) *with Doe #2*, Compl., ECF 1, ¶¶ 26-69 (alleging same). Both cases also assert claims against Columbia for deliberate indifference related to Columbia's investigation of Plaintiff's Title IX complaint. *Compare Doe #1*, Second Am. Compl., ECF 73, ¶¶ 245-253 *with Doe #2*, Compl., ECF 1, ¶¶ 142-161.

Although on its face the complaint in *Doe #2* appears to raise some new factual allegations and claims, Plaintiff previously attempted to raise these very same allegations and claims in a supplemental pleading in *Doe #1*, which effort was rejected by the Court. Specifically, in *Doe #1*, Plaintiff stated her intention to add a cause of action against Columbia for its "failure to protect [Plaintiff's] privacy" during the Title IX investigation—the same claim and allegations she is now asserting against Columbia in her Complaint in *Doe #2*. *See Doe #1*, ECF 89 at 1; *Doe #2*, Compl., ¶¶ 135, 142-161. In that same letter, Plaintiff also stated her intention to assert a claim of defamation against Individual Defendant, the same cause of action Plaintiff now asserts against Individual Defendant in her Complaint in *Doe #2*. *See Doe #1*, ECF 89 at 2; *Doe #2*, Compl., ¶¶ 162-169. Plaintiff pursuing the same claims in *Doe #2* that were previously rejected by a different judge in *Doe #1*, *see Doe #1*, ECF 92, could subject Columbia to conflicting orders, not to mention subject the Court and the parties to "substantial duplication of effort and expense, delay, or undue burden." R. 13(a)(1)(C)-(D), Rules for the Division of Business.

Judge Ramos's familiarity with the facts and procedural history of *Doe #1* is essential to the efficient adjudication of *Doe #2* given the significant factual overlap, substantially similar

---

[2] So as to protect the identity of the former-student defendant in *Doe #2*, we will refer to them in this letter as "Individual Defendant."

Hecker Fink LLP

3

parties and claims, and Plaintiff's history of repeated efforts to revive her dismissed claims, of which the filing of the Complaint in *Doe #2* is simply another example.

    The interests of justice and efficiency will best be served if these two cases are marked as related and adjudicated by the same judge. Accordingly, Columbia respectfully requests that *Doe #2* be designated as related to *Doe #1* and reassigned to Judge Ramos.

Respectfully submitted,

Gabrielle E. Tenzer