UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

JANE DOE

      *Pro Se* Plaintiff,

    -against-

THE TRUSTEES OF COLUMBIA UNIVERSITY IN
THE CITY OF NEW YORK

      Defendant#1,

YUJIN KIM

      Defendant#2,

-------------------------------------------------------------x

**MEMO ENDORSED**

Case No.:

**MOTION TO PROCEED
UNDER A PSEUDONYM**

The application is __X__ granted
       ____ denied

Edgardo Ramos, U.S.D.J
Dated: February 21, 2024
New York, New York

  *Pro se* plaintiff moves this Court to permit her proceed under a pseudonym reflected in the caption of this motion pursuant to Rule 10 (a) of the Federal Rules of Civil Procedure.

  The Court should grant Plaintiff's motion to proceed anonymously under the name "Jane Doe" since this litigation involves matters that are highly sensitive and of a personal nature; accordingly, the other student who is a non-party to this litigation will be pseudonymized as "John Roe" in Complaint.

  The allegations in Complaint are inherently private in nature; additionally, the Complaint includes confidential information from a university's Title IX proceeding. To prevent unnecessary ridicule and reputation harm, plaintiff seeks to proceed anonymously to protect her rights of privacy under Title IX, as well as identity as a sexual assault victim and an individual with disability.

  First, permitting this plaintiff to proceed anonymously will not prejudice two Defendants or prevent their counsels from adequate defense because Defendants will be able to identify this

Plaintiff based on the factual allegations in the Complaint and have already received notice of this filing[1]. Defendants will have an uninhibited opportunity to litigate this matter regardless of whether plaintiff's identity is disclosed publicly.

Second, granting anonymity for plaintiff will not be detrimental to public interest in any way. Rather, the public interest is better served by adjudicating claims arising from sexual abuse by protecting the identity and confidential information of the sexual assault victim, and to prevent unnecessary ridicule from the public or potential retaliation from Defendant's institution.

Third, although Defendant#2 is also a Title IX participant just like this plaintiff and John Roe, his act of defaming others is not highly sensitive or personal, but the substance of those defamatory statements involving plaintiff and John Roe is. Therefore, plaintiff and John Roe should remain anonymous, only Defendant#2 needs to be named public. The public's interest in knowing Defendant# 2's identity outweighs his privacy interest.

## ARGUMENT

Although Federal Rule of Civil Procedure 10(a) provides that the "title of the complaint must name all the parties," courts have "carved out a limited number of exceptions to the general requirement of disclosure [of the names of parties], which permit plaintiffs to proceed anonymously." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir.2008) Whether a plaintiff may prosecute an action anonymously through a pseudonym is determined at the discretion of the court after weighing the "plaintiff's interest in anonymity... against both the public interest in disclosure and any prejudice to the defendant." *Grottano v. City of New York*, No.15 Civ.9242-RMB-KNF, 2016 WL 2604803 at *1 (S.D.N.Y. Mar. 30, 2016). The Second Circuit has set forth a list of ten non-exhaustive factors that courts may consider in determining

---

[1] See *Doe v. The Trustee of Columbia University,* No.21-cv-5839-ER (S.D.N.Y), Doc.100 at 2 footnote.

whether to permit a plaintiff to proceed pseudonymously:

(1) whether the litigation involves matters that are highly sensitive and of a personal nature;

(2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties;

(3) whether identification presents other harms and the likely severity of those harms;

(4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of the plaintiff's age;

(5) whether the suit is challenging the actions of the government or that of private parties;

(6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated;

(7) whether the plaintiff's identity has thus far been kept confidential;

(8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;

(9) whether, due to the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and

      (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Sealed Plaintiff*, 537 F.3d at 190. These factors ultimately guide the court to decide whether a plaintiff maybe proceed with a pseudonym by balancing "the plaintiff's interest in anonymity...against both the public interest in disclosure and any prejudice to the defendant." *Id* at 189. The present case falls under several of these factors, but most clearly this case involved "matters that are highly sensitive and of a personal nature." *Id* at 190.

      As federal court recognized in *Doe v. Colgate University*, "protecting the anonymity of sexual assault victims and those accused of committing sexual assault can be an important safeguard to ensure that the due process rights of all parties are protected." *Doe v. Colgate Univ.*, 2016 WL 1448829, at *2 (N.D.N.Y. Apr. 12, 2016). Moreover, mindful of the chilling effect that forcing similarly situated students to reveal their identity in order to bring suit could have on future plaintiffs face similar situations, the Court allowed the plaintiff in *Doe v. Colgate University* to proceed anonymously because "forcing Plaintiff to reveal his identity would not advance any aspect of the litigation, but instead poses a risk that the Plaintiff [as a sexual assault victim] would be subject to unnecessary ridicule and attention." *Id*. at *3.

      The court must balance the presumption of access against counter veiling factors such as judicial efficiency and "the privacy interests of those resisting disclosure." *Lugosch v. Pyramid County. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) After documents have been declared to be judicial documents, a presumption of access attaches. See id.; see also *Caswell v. Miller*, No. 9:17-CV-1384, 2018 WL 2170294, at *2 (N.D.N. Y. May 10, 2018). A court must then assess the weight of that presumption by evaluating "the role of the material at issue in the exercise of Article Ill judicial power and resultant value of such information to those monitoring the federal

4

courts." *Lugosch,* 435 F.3d at 119 (internal citation omitted). Finally, a court will consider countervailing factors such as "the privacy interests of those resisting disclosure." *Id*. at 120. Ultimately, "documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." In *re New York Times Co*., 828 F.2d 110, 116 (2d Cir. 1987).

## CONCLUSION

There is no a public interest in the disclosure of plaintiff's identity, therefore plaintiff respectfully requests that the Court permit her to proceed by means of the pseudonym reflected in the caption of this motion for the rest of this litigation.

Dated: February 5, 2025
New York, New York

/s/ Jane Doe
Jane Doe, *Pro se*
442 Fifth Avenue #1047
New York, NY 10018
912.707.1690
doe826499@gmail.com
