UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

             Plaintiff,

             v.

THE TRUSTEE OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, and John Doe 1,

             Defendants.

**ORDER**

25-cv-1108 (ER)

Ramos, D.J.:

    On February 5, 2025, Plaintiff, proceeding *pro se*, filed the instant complaint against the Trustees of Columbia University in the City of New York and John Doe 1 (collectively "Defendants"). On February 14, 2025, Plaintiff filed an application to request a full-scope pro bono counsel for this litigation. Doc. 13.

    To justify a request for pro bono counsel under 28 U.S.C. § 1915(e)(1), a litigant must first demonstrate that he or she is unable to afford counsel by, for example, successfully applying for leave to proceed in forma pauperis ("IFP"). *See Vickers v. Department of Veterans Affairs*, No. 22 Civ. 1781 (DEH), 2023 WL 7414674, at *1 (S.D.N.Y. Oct. 30, 2023). If Plaintiff's IFP application is approved, the Court will then consider Plaintiff's application for appointment of pro bono counsel without the need to re-file the request. At that point, the Court would evaluate the factors set forth by the Second Circuit in *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986). The court must then consider whether the litigant's claim "seems likely to be of substance." *Id.* at 61. "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." *Id.* at 60 (internal quotations

omitted). If these two threshold requirements are met, the court must next consider: (1) the indigent's ability to investigate the crucial facts; (2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (2) the indigent's ability to present the case; (4) the complexity of the legal issues; and (5) any special reason in that case why appointment of counsel would be more likely to lead to a just determination. *Id.* at 61–62.

Here, Plaintiff has not filed or been granted a request to proceed *IFP*. If Plaintiff chooses to do so, she may submit an application to proceed IFP, using the form available at https://nysd.uscourts.gov/sites/default/files/2018-06/IFP-application.pdf.

For the foregoing reasons, Plaintiff's application for pro bono counsel is denied without prejudice.

It is SO ORDERED.

Dated: February 28, 2025
       New York, New York

                                         Edgardo Ramos, U.S.D.J.